IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| In re: )<br>SYED ASKRI, )<br>    Debtor. )<br>_____ )<br>SYED ASKRI, )<br>    Appellant, )<br>)<br>v. )<br>)<br>THOMAS P. GORMAN, TRUSTEE, )<br>    Appellee. ) | No. 1:17-cv-506 (LMB/TCB)<br><br>Bankr. No. 17-10257-BFK |
| In re: )<br>SYED ASKRI, )<br>    Debtor. )<br>_____ )<br>SYED ASKRI, )<br>    Appellant, )<br>)<br>v. )<br>)<br>THOMAS P. GORMAN, TRUSTEE, )<br>    Appellee. ) | No. 1:17-cv-463 (LMB/TCB)<br><br>Bankr. No. 17-10257-BFK |

## MEMORANDUM OPINION

Before the Court are Syed Askri's two appeals from decisions of the United States Bankruptcy Court for the Eastern District of Virginia. For the reasons that follow, in Civil Action No. 1:17-cv-506, the Bankruptcy Court's Order will be affirmed, and in Civil Action No. 1:17-cv-463, the appeal will be dismissed as moot.

### I. BACKGROUND

On January 25, 2017, appellant-debtor Syed Askri ("Askri" or "debtor"), proceeding pro se, filed for protection under Chapter 13 of the Bankruptcy Code. Tr. R. Part 1 [Dkt. No. 2-3]

31.[1] This petition was the fifth bankruptcy case filed by Askri or his wife since 2011 and involves three loans secured by Askri's primary residence: a $530,000 mortgage on the property (the "First Mortgage") and two lines of credit, one for $250,000 (the "HELOC Second Mortgage") and one for $350,000 (the "HELOC Third Mortgage"), both of which are secured by the same property. Id. at 49-50.

When Askri filed this Chapter 13 petition, he owed approximately $550,000 on the First Mortgage, see Debt. Br. [Dkt. No. 4] 6; approximately $255,000 in principal and accumulated interest, of which more than $130,000 was in arrears, on the HELOC Second Mortgage, Tr. R. Part 1, at 107; and approximately $400,000 in principal and accumulated interest, of which more than $57,000 was in arrears, on the HELOC Third Mortgage, id. at 125. All told, at the time the petition was filed, Askri owed approximately $1.2 million on the three loans, but he owned only minimal liquid assets, see id. at 38-46, and claimed approximately $7,500 in monthly net income—$3,000 of which was "speculative 'contributions from children,'" Debt. R. [Dkt. No. 2-2] 129-30. Moreover, before filing the current petition, Askri had not made any payments on either HELOC mortgage since 2012[2] and, in the interim, he and his wife had collectively filed multiple bankruptcy petitions in leapfrog fashion. Tr. Br. [Dkt. No. 8] 1 n.1, 3.

After Askri filed this bankruptcy petition and Thomas P. Gorman ("Trustee") was appointed as the Trustee, creditor First Horizon Bank (a division of First Tennessee Bank, which

---

[1] All citations to "Tr. R. Part 1," "Tr. R. Part 2," and "Debt. R." are to the designated records submitted by the Trustee and the debtor in Civil Action No. 1:17-cv-506, and all citations to docket numbers are to the docket in Civil Action No. 1:17-cv-506. Page citations are to the page number in the PDF document, because the parties did not otherwise designate page numbers for the record.

[2] After not making payments on either of these loans since 2012, Askri wired approximately $150,000 to First Tennessee Bank on August 2, 2017, two days before First Tennessee Bank was planning to conduct a foreclosure sale on the home. This payment was enough to bring the loan current and stop the foreclosure sale, but Askri still owes approximately $100,000 on the HELOC Second Mortgage. See Dkt. No. 19-1.

services the HELOC Second Mortgage) filed a Motion for Relief from the Stay [Bankr. Dkt. No. 16], arguing that the Askris' history of bankruptcy filings and nonpayment justified lifting the automatic stay to allow foreclosure on the property, id. at 6-7. In addition, the Trustee filed a Motion to Dismiss, in which he argued that Askri's history of unsuccessful bankruptcy filings and his meager income relative to his arrearages demonstrated that he was not proceeding in good faith. Id.

Although his response to both motions was less than clear, Askri appeared to focus on three main points: (1) that he had appropriately rescinded the three mortgages under the Truth in Lending Act and, as a result, none of the three lenders retained a security interest in his home; (2) that First Horizon Bank, the party moving to lift the stay, is a "fictitious" entity that does not actually own the mortgage; and (3) that the Chapter 13 trustee inappropriately advocated on behalf of absent creditors and/or noncreditors. See id. at 17-23; Memorandum in Opposition [Bankr. Dkt. No. 22]. After holding evidentiary hearings, the bankruptcy court granted both motions. See Tr. R. Part 1, at 92; Order Granting Motion to Dismiss Case [Bankr. Dkt. No. 64].[3] Askri timely appealed the Order lifting the stay in Civil Action No. 1:17-cv-463 and the Order dismissing the petition in Civil Action No. 1:17-cv-506.

While pursuing his appeals pro se, Askri filed a Reply Brief [Dkt. No. 11], in which he represented that he had recently tendered payment to one of his creditors, First Tennessee Bank, to stop the foreclosure of his home. See id. at 24, Ex. A. After that brief was filed, the Trustee was ordered to advise the Court of the impact of this tender on his position in this appeal. [Dkt. No. 12]. In his response, the Trustee informed the Court that he was "very skeptical that any true 'tender' has or could have occurred." In response, the Court ordered Askri to provide evidence

---

[3] Neither party has included the transcripts of either evidentiary hearing in its designated record.

and a statement submitted under penalty of perjury demonstrating that he had tendered payment to First Tennessee Bank and that the bank had accepted that payment. On September 15, Askri filed a response, submitted under penalty of perjury, in which he claimed not only that he had tendered full payment to First Tennessee Bank but also that he had tendered full payment to the two other secured creditors, US Bank and Bank of America, and that those creditors had accepted his payments. [Dkt. No. 15]. Askri wrote that the $1.2 million was

> tendered to the alleged creditors, and the tender was accepted by the US Bank , Wells Fargo , by Mr. Richard D. Levy EVP and Controller (Principal Accounting Officer), First Horizon National Corporation 165 Madison Avenue, Memphis, Tennessee 38103 and M&T Bank Corporation, One M&T Plaza, Buffalo NY14203 by Mr. Drew J. Pfirrman SVP for accounting in Loan Number: 4458370396746089 and Bank of America Corporation, 100 N Tryon St. Charlotte, N.C 28255 for accounting loan number: 68998000600299.

Id. at 8-9. Despite the Court's order that he provide "evidence, such as a cancelled check," see [Dkt. No. 14], demonstrating these payments, he has failed to provide any such evidence.

After receiving Askri's response, the Court directed the Trustee to confer with the secured creditors to determine whether the payments described by Askri had been tendered and accepted and to advise the Court of the current status of each of Askri's loans. [Dkt. No. 16]. The Trustee conferred with the HELOC creditors, who informed him that Askri had recently paid approximately $150,000 on the Second HELOC Mortgage, enough to bring the mortgage current and stop the impending foreclosure sale but not enough to pay off the mortgage, and, contrary to Askri's claim, he had not paid any amount on the Third HELOC Mortgage. See Dkt. No. 19. The First Mortgage holder has not responded. See id.

## II.   DISCUSSION

Although Askri's appellate briefs are nearly indecipherable, they appear to argue that the bankruptcy court erred by failing to permit Askri to remain under Chapter 13 protection or

4

convert his petition to Chapter 11 proceedings while he "proceeded to establish and prove his [r]escission claims," by allowing the Trustee to advocate on behalf of creditors, by dismissing the bankruptcy petition despite Askri's ability to make Plan payments, and by violating Askri's equal protection and due process rights. See Debt. Br. 11-12.

### A. Standard of Review

A district court "may affirm, modify, or reverse a bankruptcy court's judgment, order or decree or remand with instructions for further proceedings." Fed. R. Bankr. P. 8013. The district court "review[s] the bankruptcy court's legal conclusions de novo and its factual findings for clear error." In re Hartford Sands Inc., 372 F.3d 637, 639 (4th Cir. 2004); see also Fed. R. Bankr. P. 8013 ("Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous."). "In cases where the issues present mixed questions of law and fact, the Court will apply the clearly erroneous standard to the factual portion of the inquiry and de novo review to the legal conclusions derived from those facts." In re Phinney, 405 B.R. 170, 175 (Bankr. E.D. Va. 2009) (citing Gilbane Bldg. Co. v. Fed. Reserve Bank, 80 F.3d 895, 905 (4th Cir. 1996)).

### B. Analysis

As to Askri's argument that he should have been allowed to remain under Chapter 13 protection or convert his Chapter 13 petition to Chapter 11 protection while he "proceeded to establish and prove his [r]escission claims," Debt. Br. 11, the record shows this was a meritless argument. Although the Truth in Lending Act allows borrowers to rescind their loans in certain limited circumstances, a borrower who files suit to complete a rescission must show that "she has the ability to tender the proceeds of the loan to her creditor in return for the release of the security interest on her property. In other words, while the plaintiff can get out of the loan, she

does not get to keep the principal amount of the loan." Parham v. HSBC Mortgage Corp., 826 F. Supp. 2d 906, 911 (E.D. Va. 2011), aff'd, 473 F. App'x 244 (4th Cir. 2012). Askri claims that he has tendered the full balance of each loan to perfect the rescission, see, e.g., Debt. Br. 6, but he provided no evidence to the bankruptcy court to support that claim and failed to provide any such evidence to this Court. Moreover, the Trustee has conferred with two of the secured creditors and has determined that Askri has not appropriately tendered to either HELOC creditor the full amount needed to rescind the loans. See Dkt. No. 19. Additionally, Askri's extremely limited liquid assets support a finding that he does not have the present ability to tender. See Tr. R. Part 1, at 38-46. Therefore, there is no evidence in this record that Askri has met his burden of showing that any determination[4] by the bankruptcy court that he has not—and cannot—perfect a rescission under the Truth in Lending Act is clearly erroneous.

As for Askri's claim that the bankruptcy court erred by allowing the Trustee to advocate on behalf of creditors rather than forcing him to remain neutral, Debt. Br. 12, Askri appears to misunderstand the role of the Trustee. The Trustee does not have an overriding obligation of "neutrality" but instead must (among other duties) investigate the financial affairs of the debtor and may, if he finds it to be in the best interests of the creditors and the estate, move to dismiss the petition. See 11 U.S.C. §§ 1302, 1307. Moreover, Askri fails to point to any specific conduct in which the Trustee engaged that he contends violated a specific duty of the Trustee. Therefore, he cannot show that the bankruptcy court erred in its supervision of the Trustee.

---

[4] Askri has not submitted the transcript of the bankruptcy court's hearing on the Motion to Dismiss as part of his record designations, which means the Court is unable to determine exactly why the bankruptcy court rejected each of his arguments. As such, the Court assumes, in the absence of a transcript, that the bankruptcy court made the appropriate factual and legal findings that would have led it to reject Askri's arguments. Askri bears the burden, as the appellant, to show that the bankruptcy court's factual determinations were clearly erroneous or that its legal conclusions were erroneous.

Askri next claims that the bankruptcy court erred by dismissing the bankruptcy petition despite Askri's ability to make Plan payments. Debt. Br. 11. When he filed his petition, Askri owed nearly $200,000 in unpaid arrearages on the two HELOC mortgages. Tr. R. Part 1, at 107, 125. To pay off these arrearages over the maximum 60 month term, Askri would have had to pay more than $3,000 each month for five years. Given that he had not made any payments on either of these loans in over five years, that he and his wife had engaged in leapfrog bankruptcy petitions to avoid making the payments, and that he only had $7,500 in income each month—of which $3,000 was speculative because it was "contributions from children"—Askri cannot show that any determination that he could not make such aggressive payments was clearly erroneous.

Moreover, as the Trustee argued in his Motion to Dismiss, Askri and his wife had collectively filed four previous bankruptcies, all of which had been unsuccessful but had enabled the Askris to stave off foreclosure without making any payments on the HELOC mortgages. See Debt. R. 11. Therefore, even if the bankruptcy court believed that Askri could plausibly make the Plan payments, there was ample evidence to support a finding of bad faith, which operates as an independent barrier to the confirmation of a Chapter 13 Plan and also justifies not converting a Chapter 13 petition to Chapter 11. 11 U.S.C. § 1325. As such, Askri cannot show that the bankruptcy court erred in dismissing his petition.[5]

Finally, Askri argues that the bankruptcy court violated his equal protection and due process rights, see Debt. Br. 12, but does not explain exactly how these rights were violated. Instead, all he poses is a question: "Did Bankruptcy Court commit an error of law Despite Due Process and Equal Protection Requiring 'Like Cases Be Treated Alike,' appellant in Foreclosure

---

[5] Moreover, Askri's conduct before this Court has continued to demonstrate bad faith, as he has repeatedly falsely claimed under penalty of perjury that he has tendered the full amount of each mortgage and that the creditors have accepted those payments. See Dkt. Nos. 11, 15, 20.

Have Had Those Constitutional Rights Violated Daily by American Courts including Bankruptcy court." Id. Despite the lack of specific argument on this point, the Court has still reviewed the designated record and finds no constitutional error. As such, Askri has not shown that his equal protection or due process rights were violated.

Because Askri has failed to show any factual or legal errors by the bankruptcy court, the order dismissing Askri's Chapter 13 petition will be affirmed, rendering Askri's appeal of the decision to lift the automatic stay moot. For that reason, Askri's appeal of that decision will be dismissed as moot.[6]

### III. CONCLUSION

For the reasons stated above, in Civil Action No. 1:17-cv-506, the bankruptcy court's Order will be affirmed, and the appeal in Civil Action No. 1:17-cv-463 will accordingly be dismissed as moot by an appropriate Order to be issued with this Memorandum Opinion.

Entered this 8 day of November, 2017.

Alexandria, Virginia

/s/ _____
Leonie M. Brinkema
United States District Judge

---

[6] Although the bankruptcy court's Order Granting Relief from Stay grants in rem relief that survives the dismissal of this petition, see Tr. R. Part 1, at 92-93, any arguments Askri may have to void the continuing component of the Order are more appropriately raised if and when a creditor seeks to invoke the Order in a future bankruptcy proceeding.